UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAN JUAN PRODUCTS, INC. and
AMERICAN ENVIRONMENTAL
CONTAINER CORP.,

     Plaintiffs,

v.                                                          Case No: 8:21-cv-2469-TPB-JSS

RIVER POOLS & SPAS, INC., RIVER
POOLS FRANCHISING, INC.,
THURSDAY POOLS LLC, JASON
HUGHES, JIM SPIESS, CRISTIAN
SHIRILLA, ALEX PLANES,
MARCUS SHERIDAN and DOES 1-
10,

     Defendants.

_____/

## <u>ORDER</u>

Defendants River Pools Franchising, Inc. and Thursday Pools LLC seek to quash Plaintiffs' subpoena to produce documents directed to Non-Party Alexander Planes pursuant to Federal Rules of Civil Procedure 26 and 45. (Motions, Dkts. 70, 71). The court held a hearing on the Motions on July 27, 2022. Upon consideration and for the reasons stated during the hearing, the Motions are **GRANTED** in part and **DENIED** in part as follows:

1. The scope of discovery concerning Plaintiffs' requests in the Subpoena (Subpoena, Dkt. 70-1 at 3, Dkt. 71-1 at 3), to the extent ordered below, is

limited to one year prior to the date of the defamatory statements alleged in the complaint.

2. As to Request No. 1 of the Subpoena, the court finds that Plaintiffs' request for "[a]ll documents and things relating to or referring to San Juan Products Inc., also known as San Juan Pools, their reputation, or their products" to be overbroad, and neither relevant nor proportional to the needs of the case. *See, e.g.*, *Benz v. Crowley Logistics, Inc.*, No. 3:15-cv-728-J-25MCR, 2016 WL 11587289, at *3 (M.D. Fla. June 17, 2016) (concluding plaintiff had not met her initial burden of showing how the information sought is relevant to her claims); *Jones v. Z.O.E. Enters. of Jax, Inc.*, No. 3:11-cv-377-J-32MCR, 2012 WL 3065384, at *2 (M.D. Fla. July 27, 2012) (denying a motion to compel when the moving party failed to make an adequate initial showing of relevancy). Notwithstanding, the court finds that Plaintiffs' request for Mr. Planes to produce documents relating to any of San Juan Products, Inc.'s product analyses that he relied on to draft the allegedly defamatory articles about San Juan Products, Inc. is relevant to Plaintiffs' allegations and claims in the complaint. (Dkt. 1 ¶¶ 14, 16, 17(h), 18–20, 24–28, 30, 34–35, 39, 41, 43, 47–48, 50, 54, 56, 62.) Accordingly, Mr. Planes shall produce documents relating to San Juan Products, Inc.'s product analyses that he relied on to draft the articles at issue.

3.  As to Requests Nos. 2 and 3, Plaintiffs' requests are overly broad and not proportional to the needs of the case. *See Orange Lake Country Club, Inc. v. Castle Law Group, P.C.*, No. 6:17-cv-1044-Orl-31DCI, 2018 WL 3390254, at *2 (M.D. Fla. Feb. 21, 2018) (finding that certain requests are "overly broad on their face, and fail to survive Rule 26(b) scrutiny, in that they are not proportional to the needs of this case, given the relevance of the requested discovery" and further noting that requests for "'all documents' at the outset of each request lacks proportionality and arguably captures a host of documents and communications that would have little to no relevance to this case"); *Skyline Steel, LLC v. J.D. Fields & Co., Inc.*, No. 6:15-cv-528-ORL-41KRS, 2015 WL 13358183, at *3 (M.D. Fla. Nov. 24, 2015) (finding categories of a subpoena request overbroad because they had no temporal limitation). The parties shall meet and confer to narrow the scope of these requests and work to identify key words that may be utilized in subsequent searches to target the specific information requested. *See Entrust Datacard Corp. v. Atlantic Zeiser GmbH*, No. 3:17-cv-110-J-39MCR, 2018 WL 9371611, at *6 (M.D. Fla. Nov. 2, 2018) (directing parties to meet and confer to narrow the scope of the discovery requests); *Strickland v. Tristar Prods., Inc.*, No. CV416-051, 2017 WL 2874621, at *1 (S.D. Ga. July 5, 2017) (directing the parties to "go back and meaningfully meet and confer" to narrow the

scope of and attempt to resolve discovery dispute); *Romo v. GMRI, Inc.*, No. EDCV-12-0715-JLQ, 2013 WL 11310656, at *7 (C.D. Cal. Jan. 1, 2013) (ordering parties to meet and confer to design keyword searches for ESI).

4. As to Request Nos. 4, 5, and 6, Mr. Planes shall produce responsive information related to the allegations in the complaint. The Subpoena requests seeking discovery "on behalf of anyone" are limited to documents related to Plaintiff San Juan Products, Inc. Further, as explained in paragraph 1, the requests are governed by the temporal scope specified in this order.

5. Additionally, documents produced pursuant to the Subpoena may be governed by the parties' confidentiality agreement if warranted. (Dkt. 43-1 ("Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order.")); (Dkts. 43-2, 46); *see F.D.I.C. v. Brudnicki*, 291 F.R.D. 669, 679 (N.D. Fla. June 14, 2013) (stating that the production of material, if applicable, shall be controlled by the confidentiality order in the case).

6.  The parties are reminded that a discovery status conference is scheduled for August 15, 2022.  The parties should be prepared to address each topic on which they have been directed to confer.

**ORDERED** in Tampa, Florida, on July 28, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record