UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAN JUAN PRODUCTS, INC. and
AMERICAN ENVIRONMENTAL
CONTAINER CORP.,

    Plaintiffs,

v.                                                                 Case No: 8:21-cv-2469-TPB-JSS

RIVER POOLS & SPAS, INC., RIVER
POOLS FRANCHISING, INC.,
THURSDAY POOLS LLC, JASON
HUGHES, JIM SPIESS, CRISTIAN
SHIRILLA, ALEX PLANES,
MARCUS SHERIDAN and DOES 1-
10,

    Defendants.
_____/

**ORDER**

Plaintiffs move to file documents under seal that Plaintiffs designated as confidential pursuant to the parties' protective order. (Motion, Dkt. 120.) Specifically, Plaintiffs seek to file under seal "(a) its documents produced at Bates range PCA001099-1266 and (b) pages 32-34 of the Fisher Expert Report, produced at Bates range PCA001299-1301." (*Id.* at 2.) Plaintiffs assert that these documents "are directly relevant to the determination of Defendant River Pools & Spas, Inc.'s pending Motion challenging the Attorneys' Eyes Only Confidentiality designation of these

documents." (*Id.*)  Defendant River Pools & Spas, Inc. does not oppose the Motion. (*Id.* at 3.)

Under Local Rule 1.11(c), a party seeking to file any paper or other matter under seal if not authorized by a statute, rule, or order must: (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reason: (A) filing the item is necessary, (B) sealing the item is necessary, and (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing. No order sealing any item shall extend beyond ninety days after a case is closed and all appeals exhausted. M.D. Fla. Local R. 1.11(f).

Although a district court has "supervisory power over its own records and files," that power must be used responsibly to balance the public's right of access with interests favoring confidentiality. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1987).  Discovery materials are presumptively confidential and "material filed with discovery motions is not subject to the common-law right of access." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001). However, "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access," which includes the right to

inspect and copy public records and documents. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). "This right of access is not absolute" and "may be overcome by a showing of good cause," taking into consideration the public interest in accessing court documents and the party's interest in keeping the information confidential. *Id.* at 1245–46. In particular, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* at 1246.

Upon consideration, Plaintiffs have met the requirements of Local Rule 1.11 and have shown good cause as to why the identified documents should be filed under seal. Specifically, the items to be sealed are described in the Motion (Dkt. 120), and Plaintiffs have adequately explained why the documents must be filed under seal, as they contain information designated as confidential. *See Barkley v. Pizza Hut of Am., Inc.*, No. 6:14-cv-376-ORL-37DAB, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (granting a motion to file under seal documents that contained confidential information regarding the party's business operations and confidential and competitively sensitive information); *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-ORL-40TBS, 2015 WL 5897743, at *1 (M.D. Fla. Oct. 7, 2015) ("A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access."). As such, the court finds good cause to permit the identified documents to be filed under seal.

Accordingly:

1. Plaintiffs' Unopposed Motion to Seal Under Court Order (Dkt. 120) is **GRANTED**. Plaintiffs are permitted to file, and the Clerk is directed to accept under seal, the documents identified in the Motion.

2. The documents shall remain under seal for 90 days after the case is closed and all appeals are exhausted.

**ORDERED** in Tampa, Florida, on October 13, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record